IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK QUILES, #Y34209,<br><br>    Plaintiff,<br><br>v.<br><br>J. UPTON, KIMBERLY WEITL, and ANTHONY WILLS,<br><br>    Defendants. | Case No. 23-cv-03383-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff Mark Quiles, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE FIRST AMENDED COMPLAINT

  Plaintiff alleges that on March 14, 2023, while at Menard Correctional Center (Menard), he attempted to self-harm by hanging himself. When Correctional Officer Upton and other correctional officers came to his cell, they assaulted him and used excessive force. Although he was not a threat to any staff member, the officers deployed O.C. spray into his cell. The officers

then entered the cell and exacerbated his asphyxiation by pulling his body downward further impeding his airway, instead of holding him up and cutting him down from the rope. The officers continued to pull down on his body until the rope snapped causing a twelve-inch laceration on his neck. Plaintiff was then handcuffed, and his face was pushed into a pool of the O.C. spray that was on the mattress. The officers started to strike him with closed fists, kick him, and pulling his hair. Plaintiff was lifted to his feet and forced to walk in a crouched position. Plaintiff informed the officers that he had a documented shoulder injury, and in response, they forced him onto his stomach and dragged him by his hair and arms, causing pain and further damage to his shoulder. (*Id.*).

Plaintiff was then denied medical attention and treatment. (Doc. 13, p. 6). He was seen by a nurse, but the nurse stated, "He's alright. Man the fuck up" and called Plaintiff dramatic. (*Id.*).

Plaintiff asserts that prior to the incident, he filed requests for mental health treatment directed at mental health professionals, as well as Kimberly Weitl, the director of mental health services, and Anthony Wills, the warden of Menard, but his requests were ignored. (Doc. 13, p. 6).

## PRELIMINARY DISMISSAL

The Court dismisses any claims Plaintiff is attempting to bring for the denial of medical care following the use of excessive force by Upton and other correctional officers. These claims are only associated with a nurse, who is not listed as a defendant. The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

| | |
|---|---|
| **Count 1:** | Eighth Amendment claim against Weitl and Wills for deliberate indifference to Plaintiff's mental health needs. |
| **Count 2:** | First Amendment claim against Weitl and Wills for retaliating against Plaintiff by ignoring his requests for mental health treatment. |
| **Count 3:** | Eighth Amendment claim against Upton for the use of excessive force against Plaintiff on March 14, 2023. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Count 1

Plaintiff has failed to state an Eighth Amendment Claim against Weitl and Wills, both of whom are supervisory officials. Under Section 1983, liability is "direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). A plaintiff, however, "can plead a deliberate indifference claim against a supervisor, but to do so, he must show that the supervisor had actual knowledge of the injury and he or she condoned the situation or turned a blind eye." *Peters v. Tanner,* No. 20-cv-689-DWD, 2022 WL 2356958, at *2 (S.D. Ill. June 30, 2022) (citing *Perez v. Fenoglio,* 792 F.3d 768, 782 (7th Cir. 2015). Such a claim is "adequately pled where administrators received many letters or received multiple highly detailed grievances and other correspondence." *Id.*

Plaintiff asserts that he "continuously filed requests for mental health treatment" directed to mental health professionals, as well as Kimberly Weitl and Anthony Wills, who ignored pleas "for help." This allegation is insufficient to state a deliberate indifference claim against Weitl and

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Wills. Plaintiff does not provide any information regarding his requests for mental health treatment, such as their contents, dates they were sent, or who exactly to whom they were sent. The First Amended Complaint does not provide enough factual support for the Court to plausibly infer that Weitl and Wills had actual knowledge that Plaintiff was suicidal and posed a risk of harm to himself and then disregard that risk. Accordingly, Count 1 is dismissed without prejudice.

## Count 2

As to his claim in Count 2, "First Amendment retaliation cases require the [plaintiff] to show that the speech or activity was constitutionally protected, a deprivation occurred to deter the protected speech or activity, and the speech or activity was at least a motivating factor in the decision to take retaliatory action." *Manuel v. Nalley,* 966 F.3d 678, 680 (7th Cir. 2020). "The 'motivating factor' amounts to a causal link between the activity and the unlawful retaliation." *Id.* (citation omitted).

Plaintiff has failed to state a retaliation claim against Weitl and Wills. Plaintiff states only in conclusory fashion that Defendants ignored his requests for mental health treatment in retaliation for writing requests seeking assistance. (Doc. 13, p. 6). But he fails to allege any supporting facts from which the Court can reasonably infer that his written requests for assistance were a motivating factor in the alleged denial of care. Thus, the retaliation claim is dismissed without prejudice.

## Count 3

Plaintiff has sufficiently stated a claim of excessive force against Upton. *See Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (the core requirement for [an excessive force claim] is that [the defendant] used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm") (citations omitted).

**MOTION FOR STATUS**

Plaintiff's motion for status is **DEEMED** moot in light of this Order. (Doc. 14).

**TEMPORARY RESTRAINING ORDER**

In the First Amended Complaint, Plaintiff requests a temporary restraining order (TRO) "from the offending staff/correctional officers." (Doc. 13, p. 8).

The Court will not issue a TRO unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* FED. R. CIV. P. 65(b)(1)(A). Here, it is not exactly clear what type of action on the part of Defendants Plaintiff is seeking to prevent or enjoin, and Plaintiff's First Amended Complaint fails to include any recognizable allegations that he is facing an immediate and irreparable injury, loss, or damage if the Court does not issue a TRO. Accordingly, the request for a TRO is **DENIED**.

**DISPOSITION**

For the reasons stated above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNTS 1 and 2** are **DISMISSED without prejudice. COUNT 3** will proceed against Upton. The Clerk of Court **SHALL TERMINATE** Weitl and Wills as parties on the docket, as there are no surviving claims against them.

Because Plaintiff claims involve physical injury, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Upton the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the First Amended Complaint and this Memorandum and Order to the defendants' place of employment. If Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant only needs to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 12, 2024**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.